IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEREMY J. LINDSEY,**

                **Plaintiff,**

     v.                         CASE NO. 08-3222-SAC

**GOODY ARI,
et al.,**

                **Defendants.**

### O R D E R

This civil rights complaint was filed by an inmate of the Shawnee County Jail, Topeka, Kansas. Defendants are Goody Ari and Brian Cole, employees at the jail. Plaintiff also seeks leave to proceed in forma pauperis and appointment of counsel.

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has provided the affidavit, but not the certified copy of his inmate account statement. Plaintiff shall be given time to provide the account statement in support of his motion. This action may not proceed until he has submitted this financial information as required by Section 1915(a).

**SCREENING**

Because Mr. Lindsey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed.

Plaintiff claims defendants denied his request to use the law library, and seeks money damages for "the violation of (his) rights."  In support of his claim, he alleges that he submitted a request to use the law library, but his request was denied by defendant Ari, and not allowed by defendant Cole.

It is well-established that a prison inmate has a constitutional right of access to the courts.  However, to state a claim of denial of that right, the inmate must allege something more than that the jail's law library or legal assistance program is inadequate.  He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury."  Lewis v. Casey, 518 U.S. 343, 348, 350 (1996).  He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded.  Id. at 350, 353.  Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts."  Id. at 351, *citing* Bounds v. Smith, 430 U.S. 817, 830

2

(1977). It follows that the inmate represented by counsel provided by the State in a pending action, is not entitled to a law library.

Plaintiff will be given time to state what court action or actions he is pursuing, whether he is representing himself therein, and how those cases have been actually impeded by the alleged inadequate access to legal materials.

**MOTION FOR APPOINTMENT OF COUNSEL**

Having considered plaintiff's motion, the court finds it should be denied. Plaintiff is not entitled to appointment of counsel in this civil action for money damages. It appears he is capable of stating facts, and that is all required of a pro se litigant.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to provide a certified copy of his inmate account statement for the six months preceding the filing of this complaint, and to show cause why this action should not be dismissed for failure to state a claim of denial of access.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge